**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
MICHAEL KORS, L.L.C.,  :
                        Plaintiff,  :
             -against-  :    Civil Action No.
                          :    15 CV 07933 (TPG)
GAN TRADING INC.,  :
                       Defendant.  :
---------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFF MICHAEL KORS, L.L.C. FOR AN ORDER, PURSUANT TO FED. R. CIV. P. 55, DIRECTING THE ENTRY OF DEFAULT JUDGMENT AGAINST <u>DEFENDANT GAN TRADING INC.</u>**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Heather J. McDonald (HM 3320)
Email: hmcdonald@bakerlaw.com
Robertson Beckerlegge (RB 1829)
Email: rbeckerlegge@bakerlaw.com
Kevin M. Wallace (KW 1284)
Email: kwallace@bakerlaw.com
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Counsel for Plaintiff Michael Kors, L.L.C.*

TO THE HONORABLE THOMAS P. GRIESA,
UNITED STATES DISTRICT JUDGE:

Plaintiff Michael Kors, L.L.C. (the "Plaintiff" or "MK"), by and through its counsel, move this Court for an order, pursuant to Rule 55 of the Federal Rules of Civil Procedure (the "FRCP"), entering a default judgment against defendant GAN Trading Inc. (the "Defendant"), and respectfully sets forth and alleges as follows:

## BACKGROUND

1. On October 7, 2015, the Plaintiff commenced this action by filing a complaint in this Court (the "Complaint"). The Plaintiff seeks to recover $1,000,000 plus an award of attorneys' fees and costs for trademark counterfeiting and infringement among other causes of action (the "Judgment Amount"). In support of the Plaintiff's request for a calculation of the Judgment Amount and a default judgment, the Plaintiff submits contemporaneously herewith the declaration of Heather McDonald, a partner of Baker & Hostetler LLP, counsel to the Plaintiff ("McDonald's Declaration").

2. On October 8, 2015, the Clerk of this Court issued a summons to the Defendant to appear in this action and answer the Complaint (the "Summons") which appears on the docket of this action as Docket No. 7. McDonald's Declaration, ¶ 4.

3. On October 14, 2015, in accordance with FRCP 4, the Summons and Complaint were served upon the Defendant by personal service to, Lisa Pan, a person authorized to accept service on behalf of the Defendant at 110 West 30th Street, New York, New York. McDonald's Declaration, ¶ 5.

4. On January 15, 2016, the affidavit of service attesting to the proper service of the Summons and Complaint upon the Defendant was filed with this Court and appears on the docket of this action as Docket No. 14. McDonald's Declaration, ¶ 6.

5. The Defendant is not an infant, in the military or an incompetent person. McDonald's Declaration, ¶ 7.

6. Pursuant to the Summons, the Defendant was required to file an answer or motion in response to the Complaint within 21 days after service of the Summons. Though the Defendant filed an answer on October 22, 2015, the Defendant has failed to adequately participate in discovery or otherwise defend this action. McDonald's Declaration, ¶ 8.

7. On August 10, 2016, the Defendant's counsel moved to withdraw, in part, because the Defendant refuses to further participate in or defend this action as further explained by that motion which appears on the docket of this action at <u>Docket Nos. 20 & 21</u>. McDonald's Declaration, ¶ 9.

8. On August 25, 2016, the Court entered an order granting opposing counsel's motion to withdraw and ordering the Defendant to obtain new counsel and file a notice of appearance by September 30, 2016, a copy of which appears at <u>Docket No. 24</u> (the "Withdrawal Order"). McDonald's Declaration, ¶ 10.

9. The Defendant failed to file a notice of appearance for new counsel by September 30, 2016 or otherwise defend this action. Thus, the Defendant has defaulted on its obligation to appear per the Withdrawal Order and defend this action. McDonald's Declaration, ¶ 11.

10. Upon the request of the Plaintiff, the Clerk of this Court certified and entered the Defendant's default in this case on October 12, 2016, which appears on the docket of this action as <u>Docket No. 27</u>. McDonald's Declaration, ¶ 12.

11. At this time, the Plaintiff is seeking the immediate entry of a default judgment against the Defendant for $1,000,000 plus an award of attorneys' fees and costs. McDonald's Declaration, ¶ 13.

**RELIEF REQUESTED**

12. FRCP 55 provides a "two-step process" for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment. New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Entry of a default judgment, the second step, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled . . . ." Id. at 129.

13. The Clerk of this Court has already entered a default against the Defendant. By this Motion, the Plaintiff seeks the entry of an order in substantially the same form as Exhibit C to McDonald's Declaration (the "Default Judgment Order"), pursuant to FRCP 55(b)(2), granting the Plaintiff a judgment by default against the Defendant and directing the immediate entry of a judgment against the Defendant in substantially the same form as Exhibit D to McDonald's Declaration (the "Judgment"), in an amount of $1,000,000 plus an award of attorneys' fees and costs.

14. For claims involving the use of counterfeit marks "in connection with the sale, offering for sale, or distribution of goods and services," as alleged in the Complaint, the Lanham Act allows plaintiffs to elect an award of statutory damages instead of actual damages and profits. See 15 U.S.C. § 1117(c). This section was enacted to confront the "difficulty of

calculating actual damages caused by counterfeiters." North Face Apparel Corp. v. Moler, No. 12 Civ. 6688(JGK)(GWG), 2015 WL 4385626, at *5 (S.D.N.Y. July 15, 2015), adopted, No. 12 civ 6688(JGK), 2015 WL 5472939 (S.D.N.Y. Sept. 16, 2015).

15. When defendants "fail[] to controvert the evidence of counterfeiting alleged in [a] complaint," plaintiffs are entitled to damages "between $1,000 and $200,000 per counterfeit mark." See id. at *6 (citing 15 U.S.C. § 1117(c)(1)). However, an award of up to $2 million per counterfeit mark is permitted if a court finds the violations to be willful. Id. (citing 15 U.S.C. § 1117(c)(2)). When defendants default and "fail[] to respond . . . to the complaint or to the papers seeking a default judgment," they are found to be willful infringers. See id. (citing Lane Crawford LLC v. Kelex Trading (CA) Inc., No. 12 Civ. 9190(GBD)(AJP), 2013 WL 6481354, at *3 (S.D.N.Y. Dec. 3, 2013)). In these circumstances, courts "draw[] every reasonable inference on [the factors relating to defendants' circumstances] against them and finds defendants' infringement was willful." See id.

16. Because the Defendant failed to respond to the complaint, thus defaulting, it should be found to be a willful infringer. Therefore, the Judgment Amount could be calculated to include statutory damages of up to $2 million per counterfeit mark.

17. The Plaintiff requests $1,000,000 per counterfeit mark per type of good. Here, the Plaintiff has evidence of one type of good: medallions using a counterfeit MK trademark to be affixed to handbags or wallets. This type of good features only one counterfeit mark: the MK trademark. Therefore, the Plaintiff requests damages of $1,000,000 plus an award of attorneys' fees and costs. McDonald's Declaration, ¶ 14.

18. Based upon the foregoing, the Plaintiff respectfully submits that entry of the Default Judgment Order and the Judgment is appropriate.

## NOTICE

19. Notice of this motion and the opportunity for a hearing thereon shall be given to the Defendant at its last known residential and business address.

## NO PRIOR RELIEF

20. No prior application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Plaintiff respectfully requests that the motion be granted, that the Court enter the Default Judgment Order and the Judgment, and that he be granted such other and further relief as is just.

Dated: October 13, 2016
        New York, New York

BAKER & HOSTETLER LLP

_____
Heather J. McDonald (HM 3320)
Email: hmcdonald@bakerlaw.com
Robertson Beckerlegge (RB 1829)
Email: rbeckerlegge@bakerlaw.com
Kevin M. Wallace (KW 1284)
Email: kwallace@bakerlaw.com
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Counsel to Plaintiff Michael Kors, L.L.C.*