UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/17
```

------------------------------------------------x

MICHAEL KORS, L.L.C.,

                Plaintiff,        15-cv-07933

      v.                                **OPINION**

GAN TRADING INC.,

                Defendant.

------------------------------------------------x

      Plaintiff Michael Kors, L.L.C. has moved for default judgment against defendant GAN Trading Inc. For the reasons stated below, plaintiff's motion for default judgment is granted.

## **Background**

      In a complaint filed on October 7, 2015, plaintiff brought trademark infringement and related claims against defendant. Plaintiff alleged that defendant manufactured, distributed, and sold counterfeit Michael Kors merchandise. Defendant filed an answer on October 22, 2015. The parties then proceeded to discovery.

      On July 20, 2016, plaintiff's counsel submitted a letter to the court stating that defendant had not cooperated with discovery. Defense counsel replied on July 25, 2016, informing the court that defendant had, indeed, "refused to comply with discovery requests made by plaintiff and . . . refused any requests to appear at any depositions." (ECF No. 16). Defense counsel also

stated that the owner of the defendant-corporation had left the country and had no plans to return. Citing defendant's refusal to participate in the litigation, defense counsel moved to withdraw as counsel on August 10, 2016. The court granted defense counsel's motion to withdraw on August 25, 2016. Because a corporation cannot appear *pro se* in federal court, the court ordered defendant to obtain new counsel no later than September 30, 2016. (ECF No. 24). Defendant did not respond.

On plaintiff's request, the Clerk of Court entered a default against defendant on October 12, 2016. Plaintiff then moved for default judgment on October 13, 2016, seeking $1,000,000 plus attorneys' fees and costs. Plaintiff bases its request for damages on defendant's use of one counterfeit mark on one type of good; specifically, the Michael Kors trademark on medallions that are affixed to handbags and wallets.

## Discussion

### I. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id.* "The entry of a default, while establishing liability, 'is not an admission of

damages.'" *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled . . . ." *Mickalis*, 645 F.3d at 128.

Here, the Clerk of Court entered a default against defendant on October 12, 2016. The court now enters a default judgment against defendant.

## II. Damages

Plaintiff seeks statutory damages under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, in the amount of $1,000,000, based on defendant's use of one mark (the Michael Kors trademark) on one type of good (medallions to be affixed to handbags and wallets). The Lanham Act provides that, in a case involving the use of a counterfeit mark, a plaintiff may elect to pursue statutory damages of not less than $1,000 but not more than $200,000 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). However, if the court finds that defendant's use of a counterfeit mark was willful, the court may award up to $2,000,000 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(2). A defendant "may be deemed a willful infringer by virtue of its default." *GMA Accessories, Inc. v. Solnicki*, No. 07-cv-3219, 2011 WL 4790615, at *2 (S.D.N.Y. May 23, 2011); *see also All-Star Mktg. Grp., LLC v. Media Brands Co., Ltd.*, 775 F. Supp. 2d 613, 621-22 (S.D.N.Y. 2011) (collecting cases).

In light of defendant's default, plaintiff's factual allegations are taken as true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability . . . ."). Defendant's infringement is also deemed willful. Plaintiff is thus entitled to statutory damages of "not less than $1,000" but "not more than $2,000,000" for defendant's counterfeit use of the Michael Kors mark on one type of good.

The key issue before the court is to determine the appropriate damages award within the wide range—$1,000 to $2,000,000—established by the statute. The court "has broad discretion to determine the amount of damages, and the text of section 1117(c) does not provide precise guidance as to calculating statutory damages." *GMA Accessories*, 2011 WL 4790615, at *1. Since the Lanham Act does not provide guidance on how a court should calculate statutory damages, "courts routinely look towards Section 504(c) of the Copyright Act, which also allows for statutory damages to be imposed against the willful infringer, and its corresponding caselaw for guidance." *Chanel, Inc. v. Gardner*, No. 07-cv-6679, 2011 WL 204911, at *2 (S.D.N.Y. Jan. 21, 2011); *see also Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999) ("The Copyright Act is not only similar in principle to the Trademark Act but identical in much of its statutory damages language. Both authorize determinations within a broad range 'as the court considers just,' . . . with the maximum increasing for 'willful' infringements.").

As those cases indicate, a court should consider "(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [trademark]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." *Chanel*, 2011 WL 204911, at *2. Further, where "a defendant is shown to have acted willfully, a statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others." *Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009).

Here, defendant's failure to participate in this litigation has left the court with no information as to any of the factors relating to defendant's circumstances. The court, therefore, appropriately draws every reasonable inference on these points against defendant.

However, the court finds that plaintiff's request for an award of $1,000,000 is excessive. There is no record here on the nature of defendant's infringement, estimates of defendant's profits, or plaintiff's losses as a result of defendant's conduct. "Most judges have issued awards far below the statutory maximum ($2 million per infringed mark), on a per mark basis, where the defendant willfully infringes on the plaintiff's mark . . . but where there is no concrete information about the defendant's actual sales figures and profits and the estimate of plaintiff's lost revenue." *All-Star*, 775 F. Supp. 2d at 624

5

(collecting cases). Accordingly, in exercising its discretion to determine statutory damages, the court concludes that it should award plaintiff damages of $250,000. Such an award is sufficient to both deter defendant from future violations and compensate plaintiff for its losses.

### III. Attorneys' Fees and Costs

Under the Lanham Act, the court may award reasonable attorneys' fees to the prevailing party "in exceptional cases." 15 U.S.C. § 1117(a). "Courts have construed 'exceptional cases' to include cases where the court has found that the infringement was willful." *Chanel*, 2011 WL 204911, at *5 (citing *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003)). Since defendant's infringement has been willful, the court concludes that it is appropriate to award plaintiff reasonable attorneys' fees. The Lanham Act also allows plaintiff to recover the costs of this litigation. *See* 15 U.S.C. § 1117(a).

Although plaintiff has requested attorneys' fees and costs in its motion for default judgment, it has not specified a specific dollar amount. If plaintiff wishes to proceed with this request, plaintiff shall submit an application for specific attorneys' fees and costs, along with supporting records and documentation, within 60 days of the date of this opinion.

### Conclusion

For the reasons stated above, plaintiff's motion for default judgment is granted. Plaintiff is awarded $250,000 in damages. Plaintiff may submit an application for specific attorneys' fees and costs, along with supporting records

6

and documentation, within 60 days of the date of this opinion. This opinion resolves all outstanding motions in this case.

SO ORDERED.

Dated: New York, New York
       January 5, 2017

                                          Thomas P. Griesa
                                          United States District Judge